ECF DOCUMENT
I hereby attest and certify this a printed copy of a document which was electronically filed with the United States District Court for the Northern District of Indiana.
Date Filed: 10/4/12
ROBERT N. TRGOVICH, Clerk
By: [signature] Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BIOMET M2A MAGNUM HIP IMPLANT
PRODUCTS LIABILITY LITIGATION

Judge Robert L. Miller, Jr.

MDL No. 2391

## TRANSFER ORDER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in a Northern District of California action (*Ching*) and a District of Colorado action (*Winningham*) move for centralized pretrial proceedings in the Northern District of California or the Southern District of New York. Plaintiffs' motion encompasses eight actions[1] pending in six districts, as listed on Schedule A. The cases in this litigation primarily involve alleged defects in Biomet's M2a Magnum system of hip implant products.[2] Plaintiffs' claims focus upon the metal-on-metal design of the M2a Magnum system and the alleged propensity of the M2a Magnum devices to generate high levels of metal ions, cause metallosis in the surrounding tissue and/or fail early. To date, the Panel has been notified of 57 additional, potentially-related actions.[3]

Defendants[4] oppose centralization and, alternatively, support selection of the District of New Jersey or the Southern District of New York as the transferee district. Plaintiff in the Eastern District of New York *Faber* action opposes centralization and, alternatively, suggests centralization in the Southern District of New York. Responding plaintiffs in various actions and potential tag-along actions support centralization in one or more of the following districts: the Northern District of California, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Southern District of Ohio, and the Southern District of Texas.

---

[1] Plaintiffs' motion originally included a District of Maryland action (*Harris*) that was later remanded to state court.

[2] At oral argument, plaintiffs were in general agreement that the litigation primarily involved Biomet M2a Magnum hip implant system in a metal-on-metal configuration, as well as a predecessor product of the M2a Magnum system, the M2a-38, in a metal-on-metal configuration. We need not decide, at this early juncture, whether any other Biomet devices merit inclusion in this MDL.

[3] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[4] Biomet, Inc.; Biomet Orthopedics, LLC; Biomet Fair Lawn, LLC; Biomet Manufacturing Corp.; EBI LLC; and Mid Atlantic Medical LLC (collectively Biomet).

- 2 -

Biomet argues that centralization should be denied for several reasons. First, it contends that individualized, plaintiff-specific issues will predominate among the actions. Biomet also argues several distinguishing attributes make this litigation inappropriate for centralization – its M2a Magnum system has been on the market for several years, they are not subject to a recall (as was the hip implant in MDL No. 2197 – *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*), Biomet has expeditiously settled several M2a Magnum cases in the past, and its M2a Magnum system has been comparatively less problematic than similar hip implant products of its competitors. Though these arguments have some weight, they are not strong enough to overcome the reasons supporting centralization.

Certainly, individual issues will be important at some point in these cases. However, a central issue in these cases may well be whether a common defect has led to the injuries alleged. Moreover, as we recently noted in centralizing *In re Wright Medical Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*, "almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past." 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). We believe that centralized pretrial discovery will have significant value here.

That Biomet's products have been on the market for a long time compared to other hip implant products (and related evidence of the revision rate for the M2a Magnum system) may be probative to the ultimate question of defectiveness, but much less so as to whether centralization is warranted. We are typically hesitant to wade into a given litigation's merits, as Biomet invites by citing statistics and studies of the reliability of the M2a Magnum system.[5] Moreover, the history of settlement of several cases is dwarfed by the almost 70 cases currently pending in federal court. Centralization will avoid duplicative discovery on such complex issues as the design, testing, manufacturing, and marketing of the M2a Magnum system and related motion practice.

For all these reasons, on the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions concerning design, manufacture, marketing and performance of Biomet's M2a Magnum system. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

Finally, we conclude that the Northern District of Indiana is an appropriate transferee district for these proceedings. We reach this conclusion even though no party suggested it and no plaintiff has yet filed a case there. We do so for the following reasons. The Biomet hip implants at issue are

---

[5] *See In re: Kauffman Mutual Fund Actions*, 337 F.Supp. 1337, 1339-40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.").

- 3 -

marketed and sold throughout the nation. Biomet itself is based in nearby Warsaw, Indiana. With many of the relevant documents and witnesses likely found there, the district should be convenient for Biomet. This relatively accessible and geographically central district enjoys favorable docket conditions. Finally, Judge Robert L. Miller, Jr., is an experienced transferee judge who is well-versed in the nuances of complex, multidistrict litigation. We are confident that he will steer this potentially complex litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: BIOMET M2A MAGNUM  HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2391

## SCHEDULE A

<u>Northern District of California</u>

Leyda Ching v. Biomet Orthopedics, LLC, et al., C.A. No. 3:12-00502
Patrick D. Hales, et al. v. Biomet Orthopedics, LLC, et al., C.A. No. 4:12-03081

<u>District of Colorado</u>

Diane Winningham v. Biomet Orthopedics, LLC, et al., C.A. No. 1:12-02376

<u>Eastern District of Louisiana</u>

Lana Turner v. Biomet Orthopedics, L.L.C, et al., C.A. No. 2:11-02443
Vincent Pizzitolo v. Biomet Orthopedics, L.L.C, C.A. No. 2:12-00521

<u>Eastern District of New York</u>

Nan Faber v. Biomet, Inc., et al., C.A. No. 1:12-00783

<u>Southern District of New York</u>

William Konowal, et al. v. Biomet, Inc., et al., C.A. No. 1:12-04342

<u>Northern District of Texas</u>

Carole St. Cyr et al. v. Biomet Orthopedics, Inc., et al., C.A. No. 4:12-00032